OPINION of the Court, by
Ch. J. Boyle.
— This is a contest for land, under adverse titles. The main question is, whether the entry of the appellant, who was complainant in the court below, is valid ? It is in the following words and figures, viz,
“ 13th December 1782 — Smith Tandy enters 100© acres upon two treasury warrants, No. he. on the first fork of Sinking creek, a branch of Green river, N. W. from that the Cumberland trace goes down, beginning at two dogwoods and two hiikories S. W. corner of a 1000 acre survey of St Clair’s, on a military warrant, thence S, 45 W. 280 poles to a white oak and poplar sapling standing on a branch that empties into the Cumberland road fork, nearly where that road strikes from Robinson’s creek, and is Anderson and Co’s, line, and ‘with said line N. 45 W. 20 poles to a white oak and two dogwoods, corner of Anderson and Co’s, thence with another line of the same S. 45 W. 1⅜>0 poles to two red oaks and a hickory, N. 45 W. 250 poles to a sugar tree. *419 oat and maple on the northwest side of a fork on which is the beginning; thence up said fork 550 poles, when reduced to a straight line, to a honey locust, sycamore and buckeye, corner to the said Sr. Clair’s, and with his line N. 45 W. 400 poles to the beginning.’’
The general objects of description in this entry, namely, the Cumberland trace, Sinking creek, the fork down which the trace leads, and the first fork northwest from that, are abundantly established, and would necessarily have led a subsequent locator into the neighborhood of the land intended to be appropriated by the entiy. When there, it is impossible to doubt that he might with the most ordinary diligence have found the particular objects of location. Pursuing the trace, he would find that it strikes the fork down which it leads within 25 poles of the junction of the branch on which one of the corners called for stands ; and he would find no other branch near to that point which could beguile or mislead him. Following that branch then only t® the distance of 72 poles, he would meet with the white oak and poplar sapling corner, one standing on each side of the branch, immediately on the banks thereof, opposite to each other and in a line crossing the branch corres» ponding in course with that called for. To make this search, could not require more than ordinary diligence, and when made the corner could not from its position have escaped the observation of the subsequent adven* turer, nor from the accuracy of its description could it have failed to have been recognized as the one intend» sd by the entry.
Having ascertained one of the corners, there would have been but little difficulty in finding the others: for it is in proof that a survey had been actually made upon the ground, and the lines and corners marked prior to the time when the entry was made ⅞ and although one of the witnesses swears that the lines vary some front the description in the entry, yet the variance does not seem to be so considerable as to present an insuperable difficulty ; more especially as there were sensible objects, in every part of the description by which, the inquirer might be guided. When the lines described in the locations were thus traced up, the land would be found to lie, as it is described in the entry, on the first fork of Sinking creek northwest of that which the Cumberland *420 trace goes down, and bounded by the lines made for %, Clair and Anderson and Co. in those parts which its description requires. But it is contended that copies of St. Clair’s and Anderson’s surveys wyre necessary to shew that the lines claimed to be their’s were in fact their’s; or in other words, to establish the identity of the lines hy which the complainant alleges he should be bounded ; and as these copies have not been filed, that the proof in this respect is defective, in answer to this objection, it may be remarked, that as lines are found uponthe ground corresponding in their positions and courses with those described in the entry, they would paturally be understood to be those intended, without the aid of any other description than that contained in the entry. Besides, parol proof is always sufficient to identify lines or boundaries,' To prove title where it is derived from record, the record must be produced ; but it is certainly not material to prove that St. Clair and Anderson have title in these lands, or had at the lime of the entry being made. That the lines in question were actually made for them prior to the date of the complainant’s entry, is satisfactorily' established by the testimony of two witnesses who were at the making of the survey's, and one of whom is the surveyor who made out the connected plat in this case.
There is nothing in the cause shewing that there is a surplus in the boundaries described by the entry, as •was supposed in the argument. The objection on that ground, therefore, is not, as the record now exhibits the case, applicable to the entry.
The decree must be reversed with costs, and the cause demanded that a decree may be entei ed conform-ably to the foregoing opinion, and such other proceedings had as are consistent- with law and equity.